IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | |
|---|---|
| HOWARD LEE BARNES, <br> a.k.a. Professor Ali-Hamza <br><br> Petitioner, <br><br> v. <br><br> DOUGLAS DRETKE, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § §    2:05-CV-0105 |

**REPORT AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

On April 5, 2005, petitioner HOWARD LEE BARNES, a.k.a. Professor Ali-Hamza, filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging the result of Disciplinary Case No. 20050078436. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief should be DENIED.

I.
PROCEDURAL HISTORY

Respondent Dretke has lawful and valid custody of petitioner pursuant to a judgment and sentence out of Jefferson County, Texas where petitioner was convicted of the offense of burglary of a vehicle, repeat offender, and sentenced to twenty (20) years imprisonment in the Texas Department of Criminal Justice, Correctional Institutions Division.

On November 18, 2004, petitioner was accused, in Disciplinary Case No. 20050078436 with the offense of failure to obey an order. On November 23, 2004, the disciplinary hearing was held, and the Hearing Officer found petitioner guilty of the charged offense and assessed punishment to include 45 days recreation and commissary restriction, 45 days cell restriction, and the loss of 30 days of good time credits. Following the guilty finding in the disciplinary proceeding, petitioner filed a Step 1 grievance numbered 2005054465 on November 29, 2004, such being denied on December 27, 2004 with a finding of no procedural errors. (See Step 1 grievance at 2, attached to original petition). Petitioner then filed on January 10, 2005, a Step 2 grievance which was denied January 21, 2005. (See Step 2 grievance at 2, attached to original petition).

## II.
## GROUNDS

Although not entirely clear from his pleading, petitioner does not appear to allege that the prison officials violated his due process rights in Disciplinary Case No. 20050078436. Instead, petitioner seems to allege he was not guilty of the offense of failing to obey an order because he was passed out.

## III.
## MERITS

Federal habeas relief cannot be had "absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (internal quotations and citation omitted). The Due Process Clause of the United States Constitution does not protect every

change in the conditions of confinement having a substantial adverse impact on the prisoner. *Sandin v. Conner*, 515 U.S. 472, 478 (1995).

In order to prevail, petitioner must show his due process rights were violated during the disciplinary process. The United States Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary proceeding. In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions which are required. Those are: (1) advance written notice of the charges; (2) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action; and (3) an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals. *Wolff*, 418 U.S. at 563-566.

In addressing these type of cases, the Fifth Circuit has declared that the findings of the prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Further, the federal courts do not review the sufficiency of the evidence since a finding of guilt requires only the support of some facts, or any evidence at all. *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986). So long as there is "any evidence at all" to support the disciplinary hearing officer's findings, the result of the hearing will be upheld. *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981), *cert. denied*, 455 U.S. 992, 102 S.Ct. 1619, 71 L.Ed.2d 853 (1982).

Viewing the evidence in the light most favorable to the state, evidence at the hearing apparently established that petitioner failed to obey the order of a prison official. Petitioner does

not allege the prison failed to provide him with notice of the charges, or that a hearing was not held in due course. Petitioner does not challenge he had the opportunity to present evidence to support his defense. Petitioner merely avers he was not guilty. On habeas review, the existence of *any evidence* in support of the disciplinary adjudication requires this Court to uphold the disciplinary finding and punishment. The charging officer's report and testimony constitute "any evidence" and this Court must find against petitioner.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner HOWARD LEE BARNES, a.k.a. Professor Ali-Hamza be, in all things, DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this _____ day of April 2005.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).